

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,074-03

**EX PARTE MICHAEL CHARLES HILL, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W99-70647-N(C) IN THE 195TH DISTRICT COURT
FROM DALLAS COUNTY**

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to five years' imprisonment. He did not appeal his conviction.

Applicant contends that he is actually innocent, the State failed to disclose exculpatory evidence, and his guilty plea was involuntary.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App.1996); *Brady v. Maryland*, 373 U.S. 83 (1963); *Brady v. United States,* 397 U.S. 742 (1970). In these circumstances, additional facts are needed. As we held in *Ex parte*

*Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall hold a live evidentiary hearing.

Applicant appears to be represented by counsel. If he is not, the trial court finds him indigent, and he wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether: (1) Applicant's sentence has discharged and he is suffering collateral consequences, *see* TEX. CODE CRIM. PROC. art. 11.07, § 3(c); (2) the complainant's recantation is newly available or discovered evidence, *see Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006); (3) Applicant has established by clear and convincing evidence that no reasonable juror would have convicted him in light of new evidence, *see Elizondo*, 947 S.W.3d at 209; (4) the State failed to disclose favorable evidence that was material to Applicant's conviction; and (5) Applicant's guilty plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 7, 2016
Do not publish